IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 15-cv-00949-MJR-PMF ) |
| UNITED THERMAL INDUSTRIES, INC., | ) ) ) ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On August 25, 2015, the Trustees of the Central Laborers' Pension, Welfare & Annuity Funds (the Funds) filed this action against United Thermal Industries, Inc., seeking to enforce United Thermal's obligation to submit contributions to the Funds for health and welfare benefits on behalf of United Thermal employees. The Court has subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, as the complaint contains claims under the Employment Retirement Income Security Act. United Thermal was served on August 31, 2015, and it has failed to answer the complaint or otherwise respond. On October 23, 2015, the Funds secured a clerk's entry of default against United Thermal under Federal Rule of Civil Procedure 55(a). Now before the Court is the Funds' motion for default judgment under Rule 55(b).

Federal Rule of Civil Procedure 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by

computation. Default judgment under Rule 55(b)(1) may be entered by the Clerk of Court or the judge assigned to the case and is appropriately granted if the defendant is not a minor or incompetent person, the claim is for a sum certain (or sum which can be made certain), and the plaintiff supplies an affidavit showing the amount due. The instant claim falls within the parameters of Rule 55(b)(1): the claim is for a sum certain; the Funds have submitted affidavits laying out the components of the damages sought, namely delinquent contributions, liquidated damages, court costs, and attorneys' fees; and the Funds have provided an affidavit supporting the requested attorneys' fees and costs, which are fair, reasonable, and customary for this type of matter in this District.

The Funds' motion also complies with Southern District of Illinois Local Rule 55.1(b), which requires that any Rule 55(b) motion contains "a statement that a copy of the motion has been mailed to the last known address of the party from whom default is sought." United Thermal filed no response opposing the motion within the time period permitted under United States District Court Local Rule 7.1.

Accordingly, the Court **GRANTS** the Funds' motion for default judgment. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the total amount of $8,712.13. That total is comprised of $4,744.21 in delinquent contributions; $3,028.92 in liquidated damages; $435.00 in court costs; and $504.00 in attorneys' fees.

**IT IS SO ORDERED.**

DATED: January 15, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**